# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2010

No. 09-60444
Summary Calendar

Lyle W. Cayce
Clerk

HECTOR ROBERTO RODRIGUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 833 032

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Roberto Rodriguez, a native of Guatelmala, has filed a petition for review from the denial by the Board of Immigration Appeals (BIA) of his request for withholding of removal. He argues that the BIA erred when it determined that the violence he experienced at the hands of members of a Guatemalan gang did not warrant relief from removal.

Rodriguez does not challenge the determination by the immigration judge (IJ) and the BIA that he was not seeking relief under the Convention Against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torture, nor does he challenge the denial of voluntary departure. He has therefore abandoned any challenge to these rulings. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Also, although he conclusionally asserts that he seeks asylum, Rodriguez does not address the IJ's determination that he is ineligible for asylum because he did not file a timely asylum application. He has therefore abandoned this issue. *See Brinkmann,* 813 F.2d at 748. In any event, as more than a year elapsed between Rodriguez's arrival in the United States and the date that he filed his asylum application, and he does not argue that there are extraordinary circumstances that prevented his filing, the record supports the determination that he is not entitled to asylum. *See* 8 U.S.C. § 1158(a)(2)(B).

The IJ and the BIA determined that regardless of whether the harm that Rodriguez sustained at the hands of the gang was severe enough to qualify as persecution, Rodriguez's claim for withholding of removal failed because he did not establish that the persecution was motivated by his membership in one of the five protected categories. An applicant for withholding of removal has the burden of showing that it is "more likely than not" that his life or freedom would be threatened by persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 208.16(b); 8 U.S.C. § 1231(b)(3)*; Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Although Rodriguez argues that he is member of a particular social group, he has failed to establish that he is a "member of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006) (internal quotation marks omitted). Accordingly, the petition for review is DENIED.